IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02209-BNB

TROY A. SHORT,

    Plaintiff,

v.

CAPTAIN A. J. TRUJILLO,
LIEUTENANT CORY BURKET, and
LIEUTENANT JAMES MAESTAS,

    Defendants.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 20 2008

GREGORY C. LANGHAM
    CLERK

---

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
OR TEMPORARY RESTRAINING ORDER

---

Plaintiff, Troy A. Short, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at Fort Lyon, Colorado, correctional facility. He filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and has paid an initial partial filing fee.

On October 10, 2008, Mr. Short filed *pro se* a document titled, "Emergancy [sic] Injunction." The Court must construe the motion liberally because Mr. Short is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. The motion for emergency injunction will be treated as a motion for a preliminary injunction or temporary restraining order. For the reasons stated below, the motion for a preliminary

injunction or temporary restraining order will be denied. Also on October 10, Mr. Short filed a document titled "Demand for Evidence," which the Court will treat as a motion, and also will deny for the reasons stated below.

In the liberally construed motion for a preliminary injunction or temporary restraining order, Mr. Short alleges that, for the reasons stated in the complaint, he needs to receive a protective custody hearing or be placed in protective custody. In the complaint, he alleges that he has been assaulted in prison in the past, and that Defendants are ignoring the need to protect his safety.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. **See Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. **See** Fed. R. Civ. P. 65(b).

Mr. Short fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. Although in the complaint he asserts that he was attacked on May 17, 2007, and on March 27, 2008, he does not assert that he now is in immediate danger of being attacked. His claim of future injury is speculative. Accordingly, it is

ORDERED that the document titled "Emergancy [sic] Injunction, that Applicant, Troy A Short, filed with the Court on October 10, 2008, and which the Court has treated as a motion for a preliminary injunction or temporary restraining order, is DENIED. It is

FURTHER ORDERED that the document titled "Demand for Evidence" that Applicant also filed with the Court on October 10, 2008, and which the Court has treated as a motion, is DENIED as premature.

DATED at Denver, Colorado, this 19 day of Nov., 2008.

BY THE COURT:

*signature*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02209-BNB

Troy A. Short
Prisoner No. 134487
Fort Lyon Correctional Facility
P.O. Box 1000
Fort Lyon, Co 81038

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/20/08

GREGORY C. LANGHAM, CLERK

By: _____
　　　　Deputy Clerk