IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02209-REB-MJW

TROY A. SHORT,

Plaintiff,

v.

CAPTAIN A. J. TRUJILLO, et al

Defendants.

# MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that plaintiff's letter motion for appointment of counsel (Docket No. 37; see also Docket No. 40) is denied without prejudice. Appointment of counsel for an indigent inmate under 28 U.S.C. § 1915(d) is within the sound discretion of the court. See Bee v. Utah State Prison, 823 F.2d 397, 399 (10th Cir. 1987). When deciding whether to appoint counsel "the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Loftin v. Dalessandri, 2001 WL 20731 (10th Cir. Jan. 9, 2001) (quoting Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991)). Having considered the current record in this case, and having had an evidentiary hearing in this matter, the court finds that, even assuming the plaintiff has a colorable claim, he currently appears to be able to present his case adequately. The factual and legal issues raised are not so numerous or complex that the plaintiff is unable to present his case adequately at this stage of the litigation. It is further

**ORDERED** that plaintiff's motion in that same letter (Docket No. 37) to cancel the evidentiary hearing is denied as moot. Plaintiff was able to call eight inmate witnesses. The court notes that plaintiff had moved for a "prompt evidentiary hearing at the earliest available date" on his motion for a temporary restraining order. (See Docket No. 31). The court in fact set an evidentiary hearing as soon as it was possible. It is further

**ORDERED** that the plaintiff's Motion to Amend Testimony to be Used in All Aspects of the Instant Case (Docket No. 40) is denied. Plaintiff had adequate opportunity to present his own testimony at the hearing, as well as testimony from the eight inmate witnesses he placed on his witness list. Plaintiff has not shown any basis for permitting amendments of such testimony after the hearing was

concluded.

Date: January 23, 2009